### In re WEBSTER et al.

(Supreme Court, Appellate Division, Third Department. December 12, 1902.)

1. STATUTES—REPEAL—SAVING CLAUSE—SCOPE.

> Acts 1818, c. 91, created the town of Ghent, and charged it with the maintenance of a portion of a bridge between the towns of Chatham and Kinderhook. Laws 1828, c. 21, repealed the act of 1818, but section 5 provided that the repeal of any statutory provision should not affect any act done, or right accrued or established, or any proceeding commenced, previous to the time when such repeal should take effect, but that every such act, right, and proceeding should remain valid and effectual as if the provisions repealed had remained in force. *Held*, that the rights conferred on towns were protected, so that the town of Kinderhook was still entitled to claim exemption from the duty of repairing the bridge with the maintenance of which the town of Ghent was charged.
>
> Parker, P. J., dissenting.

Appeal from special term.

Application by Constant Webster and others, as commissioners of highways of the town of Chatham, against Philip Purcell, as commissioner of highways of the town of Kinderhook, for an order requiring respondent to join in the repairing of a certain bridge. From an order granting the application, respondent appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

Frank S. Becker, for appellant.

Gardenier & Smith, for respondent.

KELLOGG, J. It appears from the affidavits of the appellants used on the application referred to that by an act of the legislature passed in 1818 (chapter 91), the town of Ghent was created from portions of the territory forming the then existing towns of Chatham, Claverack, and Kinderhook, and, through said act and proceedings taken under said act, the town of Ghent was charged with the maintenance of that portion of said bridge now sought to be charged to the town of Kinderhook, and the town of Kinderhook was thereby forever relieved from maintaining the same. That ever since the said charge was made upon the town of Ghent, up to the present time, that town has accepted and discharged that burden, and is still solely liable to erect and maintain the west half of the bridge referred to, and that Kinderhook has never at any time assumed such burden, and is under no legal obligation to do so. These are facts which are established by the opposing affidavits, and none of these alleged facts are denied by the applicant. No proof was taken by the court, and no referee was appointed to establish the truth of the facts alleged, and it does not appear that the learned court considered the facts alleged in opposition to the motion, or regarded them as important in the granting of the order appealed from. If these allegations had been denied, and the court had deemed that the granting or withholding of the order in any manner depended upon the facts alleged, without doubt in a matter of such importance to the town of Kinderhook the court would have provided a way for the trial of issues raised. But the learned court proceeded to a decision based solely on the ground that chapter 91 of the Laws of 1818 was repealed by subdivisions 128 and 549 of section 1 of chapter 21 of the Laws of 1828, and held that the saving clause contained in section 5 of the last-mentioned act related only to private or individual rights at the time existing. In this we think the learned court was in error. The saving clause referred to reads as follows:

"The repeal of any statutory provision by this act shall not affect any act done or right accrued or established, or any proceeding, suit or prosecution had or commenced in any civil case previous to the time when such repeal shall take effect, but every such act, right and proceeding shall remain valid and effectual as if the provisions so repealed had remained in force."

It would be difficult to create a saving clause in broader terms. If by the act of 1818 and the proceedings taken under it the town of Kinderhook acquired a right or was relieved of a specific burden, and the town of Ghent was charged with that burden, certainly this is one of the obligations which the saving clause protected. It cannot be reasoned that the adoption of the act of 1828 had in it any intention of changing the established relations of these towns respecting this particular bridge. The rights of these towns must be determined by the act of 1818 and the proceedings taken under that act.

The order must therefore be reversed. If any future application, by suit or otherwise, shall be made, the town of Ghent should, on the facts before us in this record, be made a party.

Order reversed, with $10 costs and disbursements, and application denied without prejudice to any future proceeding or action. All concur, except PARKER, P. J., who dissents.